IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| RE ROSEROCK LLC § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No: 4:17-cv-31 |
| v. § | |
| § | |
| XL INSURANCE AMERICA, INC., § | |
| NORTH AMERICAN ELITE § | |
| INSURANCE CO. § | |
| § | |
| Defendants § | |

## NOTICE OF REMOVAL OF CIVIL ACTION

To the Honorable Judges of the United States District Court for the Western District of Texas:

I.

1. XL Insurance America, Inc. ("XL") and North American Elite Insurance Co. ("NAEIC") (collectively, "Defendants") are the Defendants in the civil action brought on May 18, 2017, in the 112th Judicial District Court of the State of Texas, County of Pecos, entitled *RE Roserock, LLC v. XL Insurance America, Inc. et al.*, Cause No. P-12115-112-CV. RE Roserock, LLC's ("Roserock") Original Petition is attached as Exhibit A. The citations were issued on May 24, 2017 and are attached hereto as Exhibit B. A current copy of the docket for the action originally filed in state court is attached as Exhibit C. The Original Answer of Defendants is attached as Exhibit D. These attachments constitute all processes, and pleadings served in the state court action.

II.

2.     **Timeliness.** This notice of removal is filed within 30 days of receipt of the petition and is timely filed under 28 U.S.C. § 1446(b).

III.

3.     **Jurisdiction.** The district courts of the United States have original jurisdiction based on diversity of citizenship because Defendants are now and were at the time the action was commenced diverse in citizenship from Roserock. 28 U.S.C. §§ 1332, 1441(b). Defendants are not now and were not at the time the state court suit was commenced citizens of the State of Texas.

4.     **Plaintiff's Citizenship.** Plaintiff Roserock alleges it is a limited liability company ("LLC") organized under the laws of the State of Delaware with its principal place of business in the State of Georgia. (Exhibit A, Original Pet. ¶ 2.) The citizenship of an LLC is determined solely by the citizenship of its members, and the place of the LLC's organization is <u>not</u> considered for diversity purposes. *See Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (disregarding the place of LLC's organization – Louisiana – for diversity of citizenship analysis, and holding that LLC citizenship is solely "determined by the citizenship of all its members"). Roserock did not plead the citizenship of its LLC members in the Original Petition. Attached as Exhibit E is a diagram showing the members of Roserock based on publicly available information. The public information shows, and Defendants allege, the only member of Roserock for diversity purposes is a Canadian entity.

a. *Recurrent Energy Development Holdings, LLC*. Upon information and belief and based on reasonable particularity gleaned from public information, Recurrent Energy Development Holdings, LLC ("REDH") is the only member of Roserock. REDH is an LLC organized under the laws of the State of Delaware and has its principal place of business in the State of California. (*See* Exhibit F, p. 10 (stating "Roserock is wholly owned by Recurrent Energy Development Holdings, LLC").)

b. *Recurrent Energy, LLC.* Upon information and belief and based on reasonable particularity gleaned from available public information, Recurrent Energy, LLC ("Recurrent Energy") is the only member of REDH. Recurrent Energy is an LLC organized under the laws of the State of Delaware and has its principal place of business in the State of California. (*See* Exhibit F, p. 10 (stating REDH is "wholly owned by Recurrent Energy, LLC").)

c. *Canadian Solar, Inc.* Upon information and belief and based on reasonable particularity gleaned from available public information, Canadian Solar, Inc. ("CSI") is the only member of Recurrent Energy. CSI is incorporated under the laws of Ontario, Canada and has its principal place of business in Ontario, Canada. (*See* Exhibit G, p. 2; Exhibit H, p. 1.)

5. **LLC Members.** Defendants have used their best efforts using publicly available information to ascertain the citizenship of every constituent member of Plaintiff Roserock. The identity of actual members to the extent it differs is in the control of Roserock. To the extent Defendants' allegations are based upon information and belief, a party need not affirmatively allege citizenship based on actual knowledge if the

information is in the control of an opposing party. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1084-88 (9th Cir. 2014) (district court should not have dismissed complaint for failure to plead citizenship based on knowledge, rather than information and belief, when jurisdictional facts were not reasonably available to insurer but in control of opposing party; district court could allow jurisdictional discovery if it concluded showing of citizenship was required to confirm its jurisdiction); *Medical Assurance Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010) (plaintiff allowed to plead diversity on information and belief when defendants failed to rebut jurisdictional allegations with evidence); *Lewis v. Rego Co.*, 757 F.2d 66, 68-69 (3d Cir. 1985) (permitting allegations of citizenship to be made on information and belief in notice of removal).

6. **Defendant XL's Citizenship.** XL Insurance America, Inc. is incorporated under the laws of the State of Delaware, has its principal place of business now and at the time this action was commenced in the State of Connecticut. XL Insurance America, Inc. is now and was at the time this action was commenced a citizen of the States of Delaware and Connecticut.

7. **Defendant NAEIC's Citizenship.** North American Elite Insurance Co. is incorporated under the laws of the State of New Hampshire, and has its principal place of business now and at the time this action was commenced in the State of New Hampshire. North American Elite Insurance Co. is now and was at the time this action was commenced a citizen of the State of New Hampshire and of no other state.

8.      **Amount in Controversy.** The amount in controversy in this action exceeds, exclusive of interest and costs, $75,000. Roserock's Original Petition alleges that its claim against Defendants exceeds $1,000,000. (Exhibit A, Original Pet. ¶ 38.)

IV.

9.      **Venue.** Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the property that is the subject of the action is situated in Pecos County, Texas. (Exhibit A, Original Pet. ¶ 7.)

V.

10.     **Related Cases.** There are two related cases pending in the Western District of Texas – Austin Division before the Honorable Sam Sparks with the same parties or controversy. *McCarthy Building Companies, Inc. v RE Roserock, LLC, et al.*, Case No. 1:17-cv-00489-SS, involves the same parties and controversy, and *RE Roserock, LLC v. McCarthy Building Companies, Inc.*; Case No. 1:17-cv-00503-SS, involves the same controversy.

VI.

11.     **Notice to State Court and Adverse Parties.** Pursuant to 28 U.S.C. § 1446(d), Defendants are simultaneously filing with the State Court a Notice of Filing Notice of Removal, a true and correct copy of which is attached hereto as Exhibit I, and attaching to such document this Notice of Removal. Defendants are also simultaneously serving Plaintiff, through their counsel of record, a Notice to Adverse Party of Removal to Federal Court, a true and correct copy of which is attached hereto as Exhibit J, and attaching to such document this Notice of Removal.

12. Pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, Defendants remove this action from the 112th Judicial District Court of the State of Texas, County of Pecos, to this Court on this 20th day of June, 2017.

Dated:  June 20, 2017

Respectfully submitted,

GARDERE WYNNE SEWELL LLP

*/s/ Mark T. Mitchell*

Mark T. Mitchell
Texas Bar No. 14217700
Frederick W. Sultan, IV
Texas Bar No. 00797524
3000 One American Center
600 Congress Avenue
Austin, Texas 78701
Telephone: 512.542.7072
Facsimile: 512.542.7272
mmitchell@gardere.com
fsultan@gardere.com

William A. Webster, *pro hac vice pending*
James S. Harrington, *pro hac vice pending*
Charles M. Cannizzaro, *pro hac vice pending*
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: 310.552.0130
Facsimile: 310.229.5800
wwebster@robinskaplan.com
jharrington@robinskaplan.com
ccannizzaro@robinskaplan.com

*Attorneys for XL Insurance America, Inc. and North American Elite Insurance Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2017, a copy of the foregoing was served on counsel for Plaintiff via the Court's ECF system pursuant to Local Rule CV-5(a).

/s/ Mark T. Mitchell
Mark T. Mitchell
