# EXHIBIT A

Case 4:17-cv-00031-RAJ Document 1-1 Filed 06/20/17 Page 2 of 13

Filed: 5/18/2017 4:32:47 PM
Gayle Henderson,
District Clerk
Pecos County, Texas

Sylvia Guerra

5/18/2017

No. P-12115-112-CV

| | | |
|---|---|---|
| RE ROSEROCK LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| v. | § | PECOS COUNTY, TEXAS |
| | § | |
| XL INSURANCE AMERICA, INC., | § | |
| NORTH AMERICAN ELITE | § | |
| INSURANCE CO. | § | |
| | § | 112th |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff RE Roserock LLC ("Roserock") brings this lawsuit for breach of contract and violations of the Texas Insurance Code and Prompt Payment Act against Defendants, XL Insurance America, Inc. and North American Elite Insurance Co., and in support of its action, states the following:

### DISCOVERY

1. Discovery is requested under Level 3, pursuant to TEX. R. CIV. P. 190.4.

### THE PARTIES

2. Plaintiff RE Roserock LLC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Georgia.

3. Defendant XL Insurance America, Inc. ("XL Catlin") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Stamford, Connecticut. XL Insurance America, Inc. may be served with summons through its registered agent for service of process in Texas: CT Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201. Additionally, XL Insurance America, Inc. may be served by serving its president or vice presidents wherever they may be found.

4. Defendant North American Elite Insurance Company ("Swiss Re") is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Manchester, New Hampshire. North American Elite Insurance Company may be served with summons through its registered agent for service of process in Texas: CT Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201. Additionally, North American Elite Insurance Company may be served by serving its president or vice presidents wherever they may be found.

5. XL Catlin and Swiss Re are collectively referred to herein as the "Insurance Companies."

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this cause and jurisdiction to grant all relief requested by Roserock. The amount in controversy is within the jurisdictional limits of this Court.

7. Venue is proper in Pecos County, Texas, pursuant to section 15.097(a) of the Texas Civil Practice and Remedies Code, because that is where all or part of the insured property was located. Venue is also proper in Pecos County, Texas, pursuant to section 15.092 of the Texas Civil Practice and Remedies Code, because all or part of the policy contract was to be performed in Pecos County, Texas and the loss occurred in Pecos County, Texas. Venue is also proper pursuant to section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Pecos County, Texas is where a substantial part of the events or omissions giving rise to the claim occurred.

**FACTUAL BACKGROUND**

*<u>The Roserock Solar Farm Project</u>*

8. Roserock is the owner of the Roserock Solar Farm Project (the "Roserock Solar Farm" or the "Project") constructed by McCarthy Building Companies, Inc. ("McCarthy") and insured under a builders risk insurance policy under Project Certificate Number 4522 US00072314CA15A. The Roserock Solar Farm is one of the largest utility-scale solar facilities in Texas and was designed to produce power for the next thirty-five years. The Project consists of approximately 680,000 poly-crystalline photovoltaic modules that are divided in 4 circuits covering approximately 1,300 acres. Each module contains seventy two, 6" solar cells. These modules are comprised of a glass front, plastic backing, an aluminum frame, and silicon wafers that are approximately 160 microns thick. Each module is approximately 6 feet by 3 feet and weighs almost 50 pounds.

*<u>The Hail Loss</u>*

9. On June 25, 2016, a hail storm passed through the Roserock Solar Farm. Notice was timely provided to the Insurance Companies on or around July 12, 2016. The loss principally affected Circuits 1, 2, 3 and the northern portion of Circuit 4. The southern portion of Circuit 4 had not been installed at the time of the storm. The storm passed across the site from west to east with the most significant hail impact occurring in Circuits 2 and Small 3.

10. Visible signs of hail damage included broken glass (front surface of the solar modules) and dented frames. Electroluminescent (EL) imaging techniques were used to examine internal damage to the solar cells located beneath the module glass.

EL imaging is a commonly accepted analysis technique used by the industry to study cell damage not visible to the human eye.

11. Inspections after the hail storm identified significant and widespread physical damage to modules necessitating their replacement.

### *The Handling Loss*

12. Prior to reporting the hail storm loss to the Insurance Companies, the Insurance Companies were provided notice of handling damage caused by McCarthy, occurring around and after February 20, 2016. A February 20, 2016 loss date was assigned to this claim.

13. During the construction and installation of the Roserock Solar Farm Project, McCarthy's staff improperly handled the solar modules. Specifically, McCarthy's improper handling included: (1) hitting the modules with mallets to facilitate module alignment, (2) improper on-site module transportation, (3) transporting modules above the head leading to collision with workers' hardhats, (4) improper stacking of modules after removing them from factory packing, (5) dropping or placing tools on the modules, (6) shaking or bumping of modules during installation, and (7) bending of module frames, etc. (the "Handling Claim").

14. McCarthy's handling of the modules caused internal cell damage, denting of module frames and resulting internal damage, and bent and twisted frames, among other physical damage.

### THE POLICY

15. Roserock is insured under a Master Builders Risk Insurance Policy issued by the Insurance Companies for the period from September 2, 2015 to November 30,

2016.  The XL Catlin Policy No. is US00070637CA15A and the Swiss Re Policy No. is EGP100001600 (the "Policy").

16. The Policy at issue provides coverage against all risks of direct physical loss or damage to Insured Property, subject to certain terms, exclusions and conditions. The Policy insures all materials, supplies, equipment and machinery which is the property of Roserock or others for which Roserock or McCarthy is contractually liable.

17. The Policy provides that the basis for adjustment of a claim, valued at the time of loss and for no more than the Individual Project Endorsement Limit of Liability ($296,725,554), shall be the lesser of the cost to repair or replace with material of like kind and quality.

### *The Claim Submissions*

18. The claims were timely reported and the Insurance Companies acknowledged receipt of the claims shortly after notice was provided.

19. On August 4, 2016, XL Catlin accepted coverage for the hail loss.  Ms. Maureen Myre (Large Loss Claims Specialist for XL Catlin) acknowledged in her email to Mr. Ted Wickenhauser (VP Risk Management for McCarthy):

> "Hail is a covered cause of loss; [XL Catlin] is not disputing that coverage applies for this loss."

20. On October 17, 2016, representatives for the Insurance Companies, McCarthy and Roserock attended a conference call in which they extensively discussed the losses.  At that time, the Insurance Companies were apprised that the losses were significant, the investigation was ongoing, and that proof of loss would be submitted as soon as the investigation was completed.  The Insurance Companies agreed to this approach.

21. On or about January 5, 2017, McCarthy submitted two sworn statements in partial proof of loss setting forth the preliminary investigative costs at $100,000 total, but noting that the amount of the whole loss and damage and the actual cash value was not yet determined. The Insurance Companies raised no objection to this approach.

22. On March 15, 2017, Roserock supplemented the hail claim with additional information pertaining to the loss. Included were Roserock's loss calculations and documentation, including information it had received from Suncycle USA who had been hired to assist Roserock in assessing the losses and to facilitate the repair and/or replacement of the damaged solar modules. This March 15 supplement included Roserock's own sworn proof of loss and a variety of documents provided in proof of loss, including the Suncycle USA Hail Damage Report ("Suncycle Hail Report") and the data on which the Suncycle Hail Report relied. Roserock's submission totaled more than 2,400 documents. The Suncycle Hail Report revealed, among other things, that the type of internal and external damage at issue would preclude repair as a viable loss adjustment remedy. Specifically, Suncycle USA stated as follows:

> Solar modules with broken glass should be immediately replaced as their internal electrical circuits are exposed and are a hazard to safety. It is our understanding that the hail damaged modules with broken glass which were located by McCarthy, have already been replaced. Solar modules with damaged frames may compromise the edge of the tempered glass and the edge weather seal. This seal bonds the glass to the frame for mechanical strength and prevents moisture intrusion, and is necessary to assure module longevity. Moisture intrusion leads to corrosion of a module's internal circuits and subsequent loss of power. These physically damaged modules should be replaced.
>
> Modules with hail related internal solar cell damage cause portions of the cell to become isolated from its electrical circuits. This physical isolation leads to an electrical imbalance within the cell and module circuits causing

localized overheating and power loss with potential catastrophic failure. Localized overheating may burn through the protective insulation over the modules' electrical circuits leading to additional safety concerns.  These physically damaged modules should be replaced.  Due to safety risks and performance loss, the affected modules identified above should be replaced. . . . Based upon the type of internal and external damage, no viable repair options exist for these damaged modules.

23. On March 28, 2017, over eight months after the Insurance Companies had been notified of this claim, and more than seven months after XL Catlin had accepted coverage for the hail loss, the Insurance Companies, for the first time, requested voluminous amounts of information from Roserock, much of which did not appear to be necessary in securing proof of loss, nor were such requests timely made.

24. On April 12, 2017, Roserock provided specific responses to each of the Insurance Companies' questions related to securing proof of loss and welcomed discourse regarding any items that did not seem relevant.  The Insurance Companies, however, never responded.

25. On May 12, 2017, Roserock provided additional information and documentation related to the Handling Claim, including a handling damage inspection report received from Suncycle USA on May 12, 2017 (the "Suncycle Handling Damage Report").  This submission included Roserock's sworn proof of loss, its loss calculations, and a variety of documents provided in proof of loss, including (1) the Suncycle Handling Damage Report, (2) McCarthy Building Companies (Roserock Solar Facility) – File No. 582059819077 MKA Project No. 2016.1529 by Madsen, Kneppers & Associates, Inc. 2 September, 2016 by Lee Sale, (3) CSI Installation Manual of Standard Solar Modules (UL), (4) CSI Module Install Manual from the Module Supply

7

and EPC contracts, (5) CSI Standard Module EL Testing Criteria, and (6) Array Technologies Inc. (ATi) Installation Guide (module tracking support structures).

### *The Insurance Companies' Response*

26.     In spite of the obligations imposed upon insurance companies operating in Texas to accept or reject claims within a statutorily imposed time frame, the Insurance Companies, almost a year after the loss, have still not accepted and paid (or rejected) even a portion of Roserock's loss.  Moreover, the Insurance Companies failed to respond to requests for guidance contained in Roserock's submissions of March 15, 2017, April 12, 2017 and May 12, 2017.

27.     In addition, the representative for the Insurance Companies (Cunningham Lindsey) suggested it did not have authority to act on behalf of the Insurance Companies, leading Roserock to believe that no one with authority was addressing its claims.  In its April 12, 2017 letter to Cunningham Lindsey attempting to address this confusion, as well as to provide additional information pertaining to its losses, Roserock requested the following:

> [W]e would ask Insurers to either communicate with us directly or provide appropriate authorization to [Cunningham Lindsey] so that Roserock need not be confused or concerned about whether you have the appropriate authority to make or refrain from making particular representations.  As you can no doubt appreciate, it is essential that Roserock be able to easily and effectively communicate concerning its claims with the Insurers who have promised to pay its covered losses.

After more than 60 days, neither insurers nor Cunningham Lindsey have responded to the request for clarification on submission procedures, and after more than 30 days, neither have responded to the plea for help seeking a representative from the Insurance

8

Companies with authority to act on behalf of the Insurance Companies or confirming that such authority has, in fact, been given to Cunningham Lindsey.

28. Roserock was left with no alternative but to seek assistance from this Court.

### *Conditions Precedent*

29. All conditions and requirements imposed by the Policy on Roserock have been satisfied and/or waived and/or are subject to an estoppel or other avoidance against the Insurance Companies.

## COUNT I
### BREACH OF CONTRACT

30. The preceding paragraphs are incorporated here by reference.

31. Under the terms of the Policy, the Insurance Companies contracted to pay Roserock for direct physical loss or damage to the Insured Property. The Insurance Companies have failed and refused to comply with their contractual obligations under the Policy resulting in damages. Accordingly, Roserock asserts breach of contract and recovery of those damages from the Insurance Companies.

## COUNT II
### PROMPT PAYMENT VIOLATIONS

32. The preceding paragraphs are incorporated here by reference.

33. The Insurance Companies received timely notification of the claim and were provided with all information necessary for the Insurance Companies to investigate and pay Roserock for its losses.

34. Under the terms of the Policy and the Prompt Payment Act of the Texas Insurance Code, the Insurance Companies were required to timely acknowledge receipt of Roserock's claim, commence any investigation of the claim, and request from

9


Roserock all items, statements and forms that the Insurance Companies reasonably believed, at that time, would be required from Roserock. An insurer may make additional requests for information, but only if during the investigation the additional requests become necessary.

35. The Insurance Companies violated the Prompt Payment Act and the Policy in numerous respects, including by failing to timely accept and pay or reject all, or any part of, Roserock's losses. The Insurance Companies then delayed payment of all, or any part of, those losses.

36. Accordingly, the Insurance Companies are liable to Roserock for prejudgment interest, plus an additional 18% per year of the amount of Roserock's losses, together with reasonable attorneys' fees and costs, pursuant to TEX. INS. CODE ANN. § 542.060.

### ATTORNEYS' FEES

37. Roserock was forced to retain the undersigned attorneys to pursue these causes of action. Therefore, under TEX. INS. CODE ANN. § 542.060 and TEX. CIV. PRAC. & REM. CODE §38.001, Roserock has the right to recover all of its reasonable and necessary trial and appellate attorneys' fees.

### MONETARY RELIEF SOUGHT

38. In accordance with Texas Rule of Civil Procedure 47(c), Roserock states that it seeks monetary relief in excess of $1,000,000.

### REQUEST FOR DISCLOSURE

39. Roserock requests that XL Catlin and Swiss Re disclose all of the information provided for by Texas Rule of Civil Procedure 194.

## JURY DEMAND

40. Pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, Roserock makes this demand for a jury trial in this litigation.

**WHEREFORE**, Roserock requests that:

(a)   XL Catlin and Swiss Re be cited to appear and answer these claims;

(b)   Judgment be entered against XL Catlin and Swiss Re and in favor of Roserock for:

   (1)   Roserock's actual damages in an amount in excess of the minimum jurisdictional limits of this Court;

   (2)   penalty interest at the rate of eighteen percent (18%) per year of its claim as damages, pursuant to TEX. INS. CODE §542.060;

   (3)   Consequential damages resulting from XL Catlin and Swiss Re's failure to abide by the terms of the Policy and breaches of contract and/or the other acts and omissions complained of;

   (4)   prejudgment and post-judgment interest at the maximum allowable rates;

   (5)   reasonable attorney's fees and expenses;

   (6)   all costs in prosecuting this litigation; and

   (7)   any additional relief, legal and equitable, general or special, to which Roserock may be justly or equitably entitled.

Respectfully submitted,

REED SMITH LLP

 /s/ *Stephen L. Moll*
Stephen L. Moll
Texas State Bar #:  14256850
smoll@reedsmith.com
Ken Broughton
Texas State Bar #:  03087250
kbroughton@reedsmith.com
Jordan J. La Raia #:  24069970
jlaraia@reedsmith.com
811 Main Street
Houston, Texas  77002
Telephone: 713.469.3876
Telecopier: 713.469.3899

LAW OFFICE OF ALBERT VALADEZ

Albert G. Valadez
Texas State Bar #: 20421840
agvaladez@sbcglobal.net
104 West Callaghan Street
Fort Stockton, Texas 79735
Telephone: 432.336.7562
Telecopier: 432.336.2600

**ATTORNEYS FOR PLAINTIFF
RE ROSEROCK LLC**